IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2191-FL

| | | |
|---|---|---|
| CHARLES THOMAS WEST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CARLTON JOYNER, | ) | |
| | ) | |
| Respondent. | ) | |

This habeas corpus matter arising under 28 U.S.C. § 2254 comes before the court on respondent's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (DE 8).[1] The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On April 25, 2006, petitioner, in the Cumberland County Superior Court, was charged by indictment with one count of conspiracy to traffic in four hundred (400) grams or more of cocaine in violation of N.C. Gen. Stat. §§ 90-95(i), 90-95(h)(3)(c), and 90-98. (Resp't's Mem. Ex. A.) On October 2, 2006, petitioner and the state of North Carolina entered into a memorandum of agreement ("MOA") in which petitioner agreed to plead guilty to the charged offense, and in exchange the state agreed to continue petitioner's criminal judgment from session to session to allow petitioner the opportunity to provide assistance to law enforcement. (Id. Ex. C.) The MOA further provided that

---

[1] Respondent filed a motion to dismiss, but because respondent attached materials which are outside of the pleadings, the court construes respondent's motion as a motion for summary judgment.

upon petitioner's substantial assistance and cooperation, the state agreed to "make known to the Court all of [petitioner's] effort in providing assistance to the State and the United States of America," and not to use any of petitioner's statements regarding drug trafficking against him. (Id.)

On October 2, 2006, in accordance with the MOA, petitioner pleaded guilty to the offense charged in his indictment. (Id. Ex. D.) In accordance with the MOA, the "prayer for judgment [was] continued day to day and session to session until the State pray[ed] judgment." (Id. Ex. E.) Then, on December 6, 2007, the trial court entered judgment and sentenced petitioner to a term of one hundred seventy-five (175) to two hundred nineteen (219) months imprisonment. (Id. Ex. F.) Petitioner also was assessed a two hundred fifty thousand dollar ($250,000.00) fine. (Id.) Petitioner did not file a notice of appeal.

On April 29, 2010, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Cumberland County Superior Court. (Id. Exs. G, H.) The superior court denied petitioner's MAR on October 14, 2010. (Id. Ex. H.)

On November 12, 2010, petitioner filed a petition for a writ of certiorari with the North Carolina Court of Appeals seeking review of the superior court's denial of petitioner's MAR, which was denied on November 29, 2010. (Id. Exs. I, K.) On May 10, 2012, petitioner filed a *pro se* petition for discretionary review with the North Carolina Supreme Court, which was dismissed on June 13, 2012. (Id. Exs. L, M.)

On July 2, 2012, petitioner filed a petition for a writ of habeas corpus pursuant to N.C. Gen. Stat. § 17-1 and 17-4 in the Cumberland County Superior Court. (Pet. Attach., pp. 39-46.) The superior court denied petitioner's state habeas petition on the date it was filed. (Id. Attach., p. 47.)

On August 22, 2013, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant

2

Case 5:13-hc-02191-FL   Document 12   Filed 11/07/14   Page 2 of 10

to 28 U.S.C. § 2254. Petitioner raised the following claims in his § 2254 petition: (1) he received ineffective assistance of counsel; (2) he was convicted based upon insufficient evidence; (3) his MOA was breached; and (4) he was denied due process. Respondent subsequently filed a motion for summary judgment arguing that petitioner's habeas petition should be dismissed because it was filed outside of the statute of limitations, and therefore is time-barred. The issues raised were fully briefed.

## DISCUSSION

A.  Motion for Summary Judgment

    1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2.   Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final. Judgment in this case was entered on December 6, 2007. Petitioner thereafter had fourteen (14) days after the entry of judgment to file an appeal. N.C.R. of App. P. 4(a). Petitioner did not file an appeal. Therefore, petitioner's judgment became final on December 20, 2007. As a result, petitioner's one-year statutory period began to run on December 20, 2007, and ran for three hundred sixty-five (365) days until it expired on December 20, 2008.

Petitioner's April 29, 2010, MAR, and subsequent filings, did not operate to toll the running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL

4

1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271(4th Cir. 2006). Thus, petitioner is not entitled to statutory tolling after the statutory period expired.

Petitioner alleges that he is entitled to belated commencement of the limitation period under § 2244(d)(1)(D) because the instant petition was filed within one year of the United States Supreme Court's decisions in Martinez v. Ryan, __U.S. __, 132 S.Ct. 1309 (2012), Trevino v. Thaler, __ U.S. __, 133 S.Ct. 1911 (2013), and McQuiggin v. Perkins, __ U.S. __ 133 S.Ct. 1924 (2013). Because Martinez and Trevino each addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas proceeding, these cases are inapplicable to the determination of timeliness under AEDPA's one-year statute of limitations. See Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) (declining to extend Martinez and Trevino rules to time-barred § 2254 petitions); see also, Wilson v. Perry, No. 1:14-CV-576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) ("Martinez and Trevino each addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas proceeding. Thus, Martinez and Trevino are inapplicable to the determination of untimeliness under the AEDPA one-year statute of limitations."); see, e.g., United States ex rel. Ames v. Lemke, No. 13 C 2826, 2013 WL 5718206, at *4 (N. D. Ill. Oct. 21, 2013) (holding Martinez and Trevino rules do not concern excuse of untimely petition).

As for the Supreme Court's ruling in McQuiggin, this case also does not assist petitioner. In McQuggin, the Court recognized an actual innocence exception to AEDPA's time limitations.

5

McQuiggin, 133 S.Ct. at 1928. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Further, "claims of actual innocence are rarely successful," id., and "should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).

Here, petitioner makes vague and conclusory allegations that "there is not a single indicia that the [he] was factually or constructively involved in criminal activities." (Resp. p. 6.) Petitioner, however, has not set forth any new or reliable evidence establishing his actual innocence. Petitioner's conclusory allegations are insufficient to excuse the untimely filing of his § 2254 petition. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996); see, e.g., Turner v. Director, Virginia Dept. of Corrections, No. 1:13cv998, 2013 WL 6506179, at *3 (E.D. Va. Dec. 6, 2013). Thus, petitioner's actual innocence claim does not excuse the untimely filing of this § 2254 petition.

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the

Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner asserts that he is entitled to equitable tolling because his counsel was ineffective. Generally, ineffective assistance of counsel does not warrant equitable tolling. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir.2002) (citing Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir.2000)); but cf. Holland v. Florida, 560 U.S. 631, 653 (2010) (remanding for determination whether counsel's ineffective assistance warranted tolling in view of diligence exercised by prisoner). However, equitable tolling based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect." United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir.2010) (citation omitted). Extraordinary circumstances may be demonstrated by a showing of an extraordinary "failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his client informed of key developments in their case, or to never abandon a client." Id.

In this case, petitioner generally states that he received ineffective assistance of counsel, but does not provide any facts to explain how his counsel's alleged ineffectiveness prevented him from complying with the one year statute of limitation for his § 2254 petition. See United States v. Bear, Nos. 1:06CR00018, 2:05CR00029, 2010 WL 2773309, *2-3 (W.D. Va. July 14, 2010), appeal

7

dismissed, 397 F. App'x 877 (4th Cir. 2010). Nor does petitioner explain his delay in filing a MAR. Further, petitioner's unfamiliarity with the law is not a basis for equitable tolling. See Snyder v. Warden, No. ELH-11-1392, 2011 WL 3665029, at *2 (D. Md. Aug. 18, 2011). Accordingly, petitioner has not demonstrated that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit, and is not entitled to equitable tolling on this ground.

Petitioner additionally claims that he is entitled to equitable tolling because the "North Carolina Court of Appeals failed and refused to send [him] a[n] opinion or court order telling [him his] petition had been turned down. [Petitioner] requested an answer two times, once with a stamped self-addressed envelope. [Petitioner] found out through v[e]rification of N.C. Supreme Court." (Pet. ¶ 18.) However, because petitioner did not file a direct appeal, the court assumes that the court of appeals' alleged belated response was in connection with the court of appeals' November 29, 2010, denial of petitioner's petition for a writ of certiorari. As stated, petitioner filed his petition for a writ of certiorari after the expiration of one-year statute of limitations. Thus, the court of appeals' alleged delay in sending petitioner its order did not contribute to petitioner's failure to comply with the statute of limitations.

Petitioner also claims he is entitled to equitable tolling due to his *pro se* status, the fact that he did not have access to a law library, and the fact that North Carolina Prisoner Legal Services denied him services. These contentions do not constitute exceptional circumstances for the purposes of equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Heyward v. McFaddeen, No. 13-CV-2459, 2014 WL 2880268, at *7 (D.S.C. June 20, 2014); Harry v. Johnson, No. 2:06cv28, 2006 WL 3299992, *3 (E.D. Va. Oct. 25, 2006) (stating that delays due to seeking legal advice and related

8

allegations of inadequate prison law libraries are not sufficient extraordinary circumstances for equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted). Nor has petitioner provided sufficient information to demonstrate that he has been pursuing his rights diligently to timely file a federal habeas petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Accordingly, petitioner has not established the extraordinary circumstances necessary for equitable tolling, and is not entitled to equitable tolling. Because petitioner has not demonstrated that he is entitled to equitable tolling, his § 2254 petition is time-barred.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

9

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 8) is GRANTED. A certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 7th day of November, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge